**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BROWN & MICHAELS, PC,**

                **Plaintiff,**

        v.                              **5:05-CV-209**
                                                  **(FJS/GJD)**

**GRACINDA CARDOSO, d/b/a R & D Promotions, Inc.,**

                **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **COUGHLIN & GERHART, LLP**<br>20 Hawley Street<br>Binghamton, New York 13902<br>Attorneys for Plaintiff | **OLIVER N. BLAISE, III, ESQ.** |
| **LAW OFFICE OF EDWARD E. KOPKO**<br>15 Nottingham Drive<br>P.O. Box 130<br>Ithaca, New York 14850<br>Attorneys for Defendant | **EDWARD E. KOPKO, ESQ.** |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff asserts that Defendant has breached a legal services agreement and owes $64,601.39. Defendant has filed a counterclaim that alleges legal malpractice and seeks judgment "in an amount that exceeds the jurisdictional limitations of this court for mandatory arbitration, plus costs and interest." *See* Dkt. No. 8 at 2-3.

Currently before the Court is Plaintiff's motion seeking the remand of this case to the

Supreme Court of New York, County of Tompkins, and an award of attorney's fees.

Plaintiff initiated this action by filing a verified complaint in the Supreme Court of the State of New York, County of Tompkins, on September 21, 2004. On January 12, 2005, Plaintiff filed an amended verified complaint in the same court. On February 17, 2005, Defendant filed a notice of the removal of the action to this Court. On April 26, 2005, Plaintiff filed a motion stating that it would move the Court on June 10, 2005, to remand the action and award it attorney's fees. On May 24, 2005, Defendant filed her answer and counterclaim.

### III. DISCUSSION

**A.     Plaintiff's motion to remand**

28 U.S.C. § 1447(c) provides, in pertinent part, that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C. § 1447(c). Plaintiff argues that the Court should remand this case both because it lacks subject matter jurisdiction and because Defendant failed to follow the proper procedure in removing the case. Since Defendant filed her notice of removal on February 17, 2005, and Plaintiff did not file the instant motion until April 26, 2005, Plaintiff has waived any objection that it might have to non-jurisdictional defects in Defendant's removal of this action. *See Blanco v. Snyder's of Hanover, Inc.*, No. 03 Civ. 385, 2003 WL 21939707, *1 (S.D.N.Y. Aug. 12, 2003) (citing 14 Wright, Miller and Cooper, *Federal Practice and Procedure*, § 3739 at 454-56 (3d ed. 1998)). However, the Court may still assess whether it has subject matter jurisdiction over this

action.

>28 U.S.C. § 1441(a) provides, in pertinent part, that
>
>>[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). Defendant's notice of removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

Plaintiff's amended verified complaint seeks "$64,601.39, together with interest, plus the costs and disbursements of this action." *See* Affidavit of Oliver N. Blaise, III, sworn to April 26, 2005, at Exhibit "A," at 3. Therefore, Plaintiff's amended verified complaint does not itself satisfy the amount in controversy requirement for diversity jurisdiction. Defendant, however, argues that the amount of her counterclaim is part of the amount in controversy. In attempting to support her argument, she notes that courts are divided over whether compulsory counterclaims contribute to the amount in controversy and asks the Court to follow the minority position that holds that they do.

Neither the Supreme Court nor the Second Circuit has considered this question. However, the district courts in this Circuit that have considered this question have concluded that a counterclaim may not be used to satisfy the amount in controversy requirement for purposes of giving a federal court diversity jurisdiction over a case that has been removed from state court.

*See Home Ins. Co. v. Leprino Foods Co.*, No. 02 CIV. 1044, 2002 WL 1315599, *2 (S.D.N.Y. June 14, 2002) ("[I]n the context of cases reaching this Court by removal, the majority of courts, and this Court concurs, decline to permit the defendant's counterclaim to be considered in determining the amount in controversy." (citations omitted)); *Kleinberg, Kaplan, Wolff & Cohen, P.C. v. Brandaid Communications*, No. 02 CIV 2347, 2002 WL 826955, *1 (S.D.N.Y. Apr. 30, 2002) (citations omitted); *Kaplan v. Computer Scis. Corp.*, 148 F. Supp. 2d 318, 320 (S.D.N.Y. 2001) (citations omitted); *John Deere Co. v. Pritchard*, No. CIV. 93-CV-482, 1994 WL 447416, *1 (N.D.N.Y. Aug. 18, 1994) ("A court determines to remand a case based upon the contents of the complaint without assistance by the answer or petition for removal. . . . Moreover, a counterclaim does not affect the amount in controversy." (citation and internal citation omitted)); *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1551 (S.D.N.Y. 1986) (citations and footnote omitted). Regardless of the theoretical merits of Defendant's argument,[1] until a binding authority determines otherwise, the Court will follow

---

[1] Defendant only cites two cases in support of the her position, which she admits is the minority view: *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120 (3d Cir. 1997), and *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir. 1984). Neither of these cases involved actions that had been removed from state court. In fact, the Third Circuit expressly noted the distinction:

> In arguing that we should not consider compulsory counterclaims, Brown also points to . . . . Each of these cases was decided in the context of removal and each holds that counterclaims cannot be considered when determining whether an action has been properly removed. Although there is authority to the contrary, *see, e.g., Swallow & Assoc. v. Henry Molded Products, Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992) . . . , the cases to which Brown points appear to represent the majority view that inclusion of counterclaims should not be permitted in the removal context. . . . However, removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction.

(continued...)

these cases and conclude that Defendant may not use the amount of her counterclaim to establish that this Court has diversity jurisdiction over a case that she removed from state court. Accordingly, the Court grants Plaintiff's motion to remand this case.

**B.     Plaintiff's motion for attorney's fees**

Section 1447(c) of Title 28 of the United States Code provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . ." 28 U.S.C. § 1447(c). "The award of costs and fees under 28 U.S.C. § 1447(c) is discretionary, and need not be based on a finding of bad faith on the part of the removing party." *Wallace v. Wiedenbeck*, 985 F. Supp. 288, 291 (N.D.N.Y. 1998) (citation omitted).

Although the Court finds that there were several defects in Defendant's removal of this action and in her motion papers,[2] the fact remains that Plaintiff filed its motion for remand more

---

[1](...continued)
*Spectacor Mgmt. Group*, 131 F.3d at 125 (internal citations omitted).

[2] First, Defendant knowingly argued for a minority position without any supporting authority from within this Circuit. Second, she asserted that no case in this District had ruled on this issue when this Court had expressly decided this question in *Pritchard*. *See Pritchard*, 1994 WL 447416, at *1. Third, although her notice of removal explicitly relied upon her counterclaim as the basis for federal court jurisdiction, she did not file her counterclaim until May 24, 2005, which was more than three months after she filed her notice of removal and nearly one month after Plaintiff filed its motion to remand. *See* Dkt. Nos. 1, 3, 8. Fourth, although Defendant relies upon her counterclaim to support her assertion that this Court has subject matter jurisdiction over this action, the only evidence that she has submitted to establish the amount of her counterclaim is her undated affidavit, in which she states that she provided her attorney with notes describing her relationship with Plaintiff and that she "estimate[s] the financial loss to [her] to be over a hundred thousand dollars as a result of [Plaintiff's] legal malpractice . . . ." *See* Dkt. No. 7 at Pt. 2 at ¶ 6. Therefore, even if Defendant's legal theory were correct, she has presented no evidence to show that this Court has jurisdiction.

than thirty days after the time that 28 U.S.C. § 1447(c) permits for such motions.  Therefore, the Court concludes that Plaintiff is not entitled to attorney's fees.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion to remand this case to the Supreme Court of New York, County of Tompkins, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for attorney's fees is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court mail a certified copy of this Memorandum-Decision & Order to the Supreme Court of New York, County of Tompkins, *see* 28 U.S.C. § 1447(c); and the Court further

**ORDERS** that the Clerk of the Court close this case.

**IT IS SO ORDERED.**

Dated: June 27, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge